UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-638 JAR |
| ) | |
| JIM FARLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court upon the civil complaint of self-represented Plaintiff Sidney Keys.[1] ECF No. 1. Plaintiff alleges that he experienced racial discrimination and harassment at a local Ford dealership and repair shop. As a result, he brings this lawsuit against the CEO of Ford Motor Company, Jim Farley. Because the complaint filed in this matter does not state a jurisdictional basis and the Court must be satisfied that it has jurisdiction before turning to other legal matters, Plaintiff will be directed to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Plaintiff Sidney Keys, a Missouri citizen, initiated this action by filing a Court 'Civil Complaint' form naming a single defendant – Ford Motor Company's CEO, Jim Farley. ECF No. 1. As best the Court can decipher from the allegations of the Complaint, Plaintiff purchased a car from a local Ford dealership, Lou Fusz Motors, in June 2022. *Id.* at 5. Plaintiff alleges that he was forced to pay a cash down payment of $1500 for this used car, even though he qualified for a

---

[1] A review of Court records indicates that Plaintiff Sidney Keys has previously filed nineteen (19) *in forma pauperis* civil cases in this Court. All of those cases were dismissed for reasons including failure to state a claim upon initial review, voluntarily dismissed by plaintiff, dismissed upon a Fed. R. Civ. P. 12(b)(6) motion, or dismissed for failure to comply with a Court order.

new car with nothing down. Plaintiff asserts further that in the first week of owning the car, his "brakes went out" five (5) times. Even though Lou Fusz repaired the brakes three (3) times, he is still having problems. *Id.* at 6-7. Plaintiff also states that the "battery went out the first month" that he had the car. *Id.* at 7. As a result of these numerous mechanical issues, Plaintiff's car was towed seven (7) times by Lou Fusz because "they were at fault." *Id.* Plaintiff complains that his "family of 5," including an "8 month preg[nant] fiancée," were stranded because Lou Fusz refused to give him a loaner car while the repairs were being completed. *Id.* at 6-7. Finally, Plaintiff asserts that he bought the car in June 2022 and he made the car payments on-time and in-person at the Lou Fusz location. But, despite Plaintiff's requests, Lou Fusz refused to report his vehicle payments to the appropriate credit bureau until April 2023. *Id.* at 5. According to Plaintiff, all of this amounts to racial discrimination and harassment. *Id.* at 3, 6.

On the form complaint section regarding the Court's 'Basis for Jurisdiction' over this matter, Plaintiff provides incomplete responses. *Id.* at 3-4. For federal question jurisdiction, Plaintiff states: "racial discrimination and racial harassment by Glenn, manager auto repair dept at 10950 Page Ave. St. Louis MO 63132." *Id.* at 3. Under diversity jurisdiction, Plaintiff states that he is a citizen of Missouri but Plaintiff provides no information on defendant Farley. *Id.* at 3-4. Earlier in the complaint though, Plaintiff provided an address for Farley in the state of Michigan. *Id.* at 2. As to relief, Plaintiff seeks actual and punitive damages in an "unknown" amount and he states that he is entitled to these damages because he is a "PTSD disabled marine corp veteran." *Id.* at 8.

Plaintiff attached exhibits to his complaint.[2] ECF No. 1-1. These exhibits appear to be documents associated with the purchase, repair, and titling of his car. *Id.* at 2-6. Also, Plaintiff

---

[2] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

- 2 -

includes a document with a photo of what appears to be a credit report listing with an entry for "LOW FUSZ MOT" that was reported on "04/23." *Id.* at 1.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff has the burden of proving subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal question jurisdiction gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint rule." *Id.* This rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). In order to satisfy the jurisdictional requirement of $75,000, punitive

damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Based on the face of Plaintiff's complaint, the instant action does not appear to arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 would not be applicable. As for diversity jurisdiction, Plaintiff does not state the amount of damages that he seeks. The only amount that can be ascertained from the pleadings is a value of $11,990 for the used car Plaintiff purchased from Lou Fusz. ECF No. 1-1 at 3. Overall, the complaint does not allege the jurisdictional amount and Plaintiff has not supplied competent proof that the amount in controversy will exceed the jurisdictionally required amount of $75,000. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement.

As such, Plaintiff has failed to meet his burden of establishing the existence of subject matter jurisdiction over this action. As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. Plaintiff will be given **thirty (30) days** to submit a written response. Failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must show cause in writing no later than **thirty (30) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 26th day of July, 2023.

                                                 _____
                                                 JOHN A. ROSS
                                                 UNITED STATES DISTRICT JUDGE