UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-638 JAR |
| JIM FARLEY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the court file. On July 26, 2023, the Court ordered self-represented Plaintiff Sidney Keys[1] to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* ECF No. 5. Plaintiff has not responded to the Court's Order and the time for doing so has passed. For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court Order.

**Background**

Plaintiff's civil complaint alleges that he experienced racial discrimination and harassment at a local Ford dealership and repair shop. ECF No. 1. As a result, he brought this lawsuit against the CEO of Ford Motor Company, Jim Farley. On the form complaint section regarding the Court's 'Basis for Jurisdiction' over this matter, Plaintiff provides incomplete responses. *Id.* at 3-4. For federal question jurisdiction, Plaintiff states: "racial discrimination and racial harassment

---

[1] A review of Court records indicates that Plaintiff Sidney Keys has previously filed nineteen (19) *in forma pauperis* civil cases in this Court. All of those cases were dismissed for reasons including failure to state a claim upon initial review, voluntarily dismissed by plaintiff, dismissed upon a Fed. R. Civ. P. 12(b)(6) motion, or dismissed for failure to comply with a Court order.

by Glenn, manager auto repair dept at 10950 Page Ave. St. Louis MO 63132." *Id.* at 3.  Under diversity jurisdiction, Plaintiff states that he is a citizen of Missouri but Plaintiff provides no information on defendant Farley.  *Id.* at 3-4.  Earlier in the complaint though, Plaintiff provided an address for Farley in the state of Michigan.  *Id.* at 2.  As to relief, Plaintiff seeks actual and punitive damages in an "unknown" amount and he states that he is entitled to these damages because he is a "PTSD disabled marine corp veteran."  *Id.* at 8.

On July 26, 2023, the Court directed Plaintiff to show cause, within thirty (30) days, as to why this case should not be dismissed for lack of subject matter jurisdiction.  *See* ECF No. 5; Fed. R. Civ. P. 12(h)(3).  The Court warned Plaintiff that if he failed to respond, this case would be dismissed without prejudice and without further notice.  *See* ECF No. 5 at 4.  The deadline has now passed and Plaintiff has not filed a response.

### Lack of Jurisdiction

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).  The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction *sua sponte*, if necessary.  *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction.  The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.  Plaintiff has the burden of proving subject matter jurisdiction.  *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal question jurisdiction gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint rule." *Id.* This rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). In order to satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Based on the face of Plaintiff's complaint, the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 would not be applicable. Similarly, the Court lacks diversity jurisdiction here. The complaint does not state the amount of damages that Plaintiff seeks and therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement. As such, Plaintiff has failed to meet his burden of establishing the existence of subject matter jurisdiction over this action and this case must be dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3).

**Failure to Comply with the Court's Order**

In addition, this case is subject to dismissal for failure to comply with the Court's Show Cause Order. To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore also dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's July 26, 2023, Order, and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2023.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**